ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

NEAL C. HONG (ILBN 6309265)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5081
    neal.hong@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) 22-cr-00343-BLF |
|---|---|
| Plaintiff, | ) |
| v. | ) UNITED STATES' SENTENCING MEMORANDUM |
| BRIAN RISSO, | ) |
| Defendant. | ) |

## INTRODUCTION

In accordance with the plea agreement and for the reasons stated below, the United States respectfully recommends that the Court sentence Defendant, Brian Risso, to 60 months of imprisonment.

## BACKGROUND AND ARGUMENT

Defendant pled guilty to possession of child pornography. PSR at 2. Defendant possessed 542 files of child pornography, containing 513 images and 29 videos. *Id*. 27. The images and videos were particularly egregious because they depicted prepubescent and sadistic or masochistic conduct. *Id*. 25. The PSR details the horrific conduct depicted in some of the videos seized from Defendant. *See id*. 15(a)-(d).

"[T]he use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child," *New York v. Ferber*, 458 U.S. 747 (1982), and is "an assault

upon the humanity of the person pictured, making that person a mere means serving the voyeur's purposes." *United States v. Wiegand*, 812 F.2d 1239, 1245 (9th Cir. 1987). "Photographs and films showing juveniles engaged in sexual activity is intrinsically related to the sexual abuse of children, because this documentation is a permanent record of the children's participation." *United States v. Blinkinsop*, 606 F.3d 1110, 1117-1118 (9th Cir. 2010) (internal quotations omitted). "The children involved in pictorial and cinematic pornography additionally endure ongoing harm because their images have been preserved in a permanent medium." *Id*. at 1118.

Defendant's advisory Guidelines range is 78-97 months. The Government submits that a variance in this case is appropriate. Defendant has no criminal history or arrests (PSR 37-42), had steady employment, and has consistently participant in therapy (PSR 60, 66). Furthermore, Defendant quickly confessed his crime to the FBI during a search of his residence. PSR at 13-14.

A sentence of 60 months takes into consideration Defendant's mitigating circumstances as well as the seriousness of the offense and the need for deterrence. "The deterrence of sexual crimes against children is certainly a legitimate governmental interest." *United States v. Sandcrane*, 311 F. App'x 54, 55 (9th Cir. 2009). The Ninth Circuit recognized that "[c]riminalizing possession and receipt of child pornography gives an incentive to such individuals to destroy these materials to alleviate continuing harm to the children exploited." Blinkinsop, 606 F.3d at 1118. A significant, but just, sentence in this case would incentivize others to destroy these horrid materials thereby alleviating the harm to the victims.

**RESTITUTION**

The parties are diligently negotiating restitution in this case. Additionally, the Government must consult with the victims in this case. Accordingly, the parties respectfully request that the Court continue the restitution hearing at least 60 days from the date of sentencing.

# CONCLUSION

For the reasons stated above, the United States respectfully recommends a sentence of 60 months of imprisonment followed by a term of 5 years of supervised release.

Dated: January 16, 2024

    Respectfully submitted,

    NEAL C. HONG
    United States Attorney

    /s Neal Hong
    NEAL C. HONG
    Assistant United States Attorney